**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
Katherine L.M. Mola, SBN 264625
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481 (telephone)
(916) 927-3706 (facsimile)
nsheehan@porterscott.com
kmola@porterscott.com

Attorneys for Defendants
REGENTS OF THE UNIVERSITY OF CALIFORNIA, TRACY GRISSOM
and PAUL CODY

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CLIFFORD, | CASE NO.   2:11-CV-02935-JAM-GGH |
| Plaintiff, | **ORDER   GRANTING   DEFENDANTS'** **MOTION TO DISMISS PLAINTIFF'S FIRST** **AMENDED COMPLAINT** |
| vs. | |
| REGENTS   OF   UNIVERSITY   OF CALIFORNIA;   TRACY   GRISSOM   (as individual); PAUL CODY (as individual); And Does 1 through 50, Inclusive, | Date:       April 18, 2012 Time:       9:30 a.m. Courtroom: 6 |
| Defendants. | Complaint Filed: 11/4/11 First Amended Complaint Filed: l/19/12 |

     This matter comes before the Court on a Motion to Dismiss Plaintiff Ryan Clifford's First Amended Complaint by Defendants Regents of the University of California, Tracy Grissom, and Paul Cody.  Doc. # 8.  Plaintiff filed an Opposition to the Motion.  (Doc. # 11)  Defendants filed a Reply to the Opposition.  Doc. # 14.

     The hearing on this Motion was held on April 18, 2012.  Plaintiff was represented at the hearing by Lisa Holder.  Defendants were represented by Nancy Sheehan and Katherine Mola of Porter Scott.   For the reasons set forth below, Defendants' Motion is GRANTED WITH PREJUDICE.

1

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In the Fall of 2007, Clifford transferred to the University of California, Davis.   He was majoring in communication and had plans to attend UC Davis' graduate school program.   Prior to joining the AEPi fraternity, he had excellent grades and was admitted to the Dean's Honor List in Spring 2008 for his academic excellence.   FAC, ¶ 6.

### A.   Alleged Sexual Harassment of Plaintiff by AEPi Fraternity Members

Plaintiff pledged the Chi Delta chapter of the AEPi fraternity, a registered student organization at UC Davis, in the Fall of 2008.   As a registered organization, AEPi was bestowed with certain privileges by UC Davis.   FAC, ¶ 7.   AEPi is a Jewish fraternity.   Plaintiff was the only pledge (out of 24) who was not of the Jewish faith.   Plaintiff alleges that was targeted for the harshest form of hazing by fraternity members, known as "ratfucking," because of his non-Jewish religious affiliation.   FAC, ¶ 10.

On October 17-18, 2008, AEPi hosted a mandatory, alcohol-filled retreat in Lake Tahoe. Pledges were compelled by active and alumni members of the fraternity to drink inordinate amounts of alcohol and consume beverages containing unknown narcotic substances, and were threatened with harm if they did not comply. Plaintiff alleges that he was drugged and sexually assaulted by members of the fraternity when they pulled off his clothing, touched his penis, and made sexual comments during the course of the retreat.   FAC, ¶ 11.

On October 18, 2008, a parent contacted the UC Davis police to report forced drinking and hazing violations during the Lake Tahoe retreat.   A police officer went to the fraternity house in response to the call.   That night at the retreat, the pledges were drilled and threatened with regard to the parent's phone call.   FAC, ¶ 12.   Also on October 18th, UC Davis campus police responded to a call from a UC Davis student regarding the hazing at the Lake Tahoe retreat.   FAC, ¶ 13.   Three days later, on October 20, 2008, Clifford's mother contacted AEPi's National Headquarters to report the hazing. Plaintiff contends that the fraternity and the University knew the call was made by Ms. Clifford.   FAC, ¶ 14.

On November 5, 2008 Clifford and other pledges reported to the fraternity house for an official fraternity event. They were then taken to an alumni's house for compelled drinking of

2

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

excessive amounts of alcohol, which Plaintiff refused to do.  Plaintiff alleges that he was forced to wear a padded vest and was punched in the stomach by a fraternity member and a pledge.  When they returned to the fraternity house, it was occupied by intoxicated members.  AEPi member Daniel Sacher pressured Plaintiff to drink and play drinking games.  FAC, ¶ 16.  At the conclusion of the drinking game, Sacher grabbed Plaintiff from behind, choked him, and stomped on his right foot, resulting in severe injury.  Plaintiff contends he was assaulted by Sacher in retaliation for breaking AEPi's "code of silence."  FAC, ¶ 17.

Plaintiff attended a "Hell Week" event hosted by AEPi a few weeks later on November 18, 2008.  At the event, the fraternity members chided and intimidated him, laughed at him for having a broken foot, threatened to stomp on his foot again, and reenacted the night when he was attacked and his foot was crushed.  They also used the plaintiff as their form of entertainment by removing his crutches and almost all of his clothes while poking fun at him and his foot injury.  FAC, ¶ 21.  The following day, he returned for another "Hell Week" event where he was ordered to watch videos of sexual violence against women and express to fraternity members how those videos related to him.

Plaintiff discontinued his relationship with the fraternity in Winter 2009.  FAC, ¶ 23.  Thereafter, he claims he was approached by fraternity brothers several times and asked why he was not attending fraternity meetings.  On one occasion, a member pulled out his cell phone and reported to someone that he saw Clifford on campus.  Plaintiff further contends that "members" glared and continually stared at him during classes in an intimidating and threatening manner.  Plaintiff alleges the threats were made in retaliation for his breaking AEPi's "code of silence."  FAC, ¶ 24.  In his original complaint, Plaintiff alleged these acts occurred in "Winter 2009."  Comp., ¶ 28.  In the amended complaint, Plaintiff contends these acts took place "in Fall 2009 including December 2009."  FAC, ¶ 24.  The Court takes judicial notice of the fact that the UC Davis Winter quarter in 2009 ran from January 2, 2009 to March 21, 2009.  (See section II B, *infra*.)

B.  <u>Allegations Regarding Defendant Paul Cody</u>

Cody works in the UC Davis Office of Student Programs and Activities Center.  FAC, ¶ 25.  On October 28, 2008 he met with the President of AEPi and contacted AEPi national headquarters regarding the allegations of hazing at the October 2008 Lake Tahoe retreat.  <u>Id</u>.  On November 3,

3

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

2008 Cody placed AEPi on conditional registration for seven months for hazing violations. University policy dictates that the conditional registration period last for a minimum of one year. FAC, ¶ 26.  As part of the conditional registration process, AEPi was instructed to submit a detailed pledge education program to the University for review by November 26, 2008.  FAC, ¶ 27.

University policy required diligent and consistent follow up and monitoring of organizations on conditional registration.  FAC, ¶ 28.  Plaintiff alleges that after AEPi was placed on conditional registration status, neither the University nor Cody followed-up with the fraternity until June 22, 2009, three weeks after the University was notified of Plaintiff's state court lawsuit against the fraternity.[1]  Id.  Plaintiff further contends that in the Summer of 2009, Cody tried to conceal information regarding AEPi's conditional registration status and limit his follow-up with AEPi. FAC, ¶ 34.

C.  Allegations Regarding Defendant Tracy Grissom

Grissom was Plaintiff's Advisor for Undergraduate Education.  In Fall 2008, Plaintiff told Grissom of the AEPi event wherein he was sexually assaulted by fraternity members.  He also told her that pledges were compelled to drink excessive amounts of alcohol and unknown narcotic substances, smoke weed, subjected to harm for not complying with any orders, and subjected to demeaning and humiliating acts as part of the initiation process.  He advised Grissom that he was afraid to be on campus due to continuing hazing, assault, and fear of more retaliation.  Clifford also told Grissom that he was the only pledge who was not Jewish.  He alleged she did not take any action in response.  FAC, ¶ 31.

In Winter 2009, Plaintiff complained to Grissom again about the hazing and assaults by AEPi, as well as his fear of retaliation.  Plaintiff alleges no action was taken to address or remedy his continuing distress.  FAC, ¶ 32.  In Spring 2009, Plaintiff informed the Office of the Dean of Students of continuing emotional and physical distress caused by attending classes with members of the fraternity who sought to intimidate him.  During this time period, the University was informed of the state lawsuit that had been filed against the fraternity which set forth the severity of Plaintiff's

---

[1] On May 15, 2009, Plaintiff filed a complaint for damages against Alpha Epsilon Pi, Chi Delta, and Daniel Sacher, in Yolo County Superior Court regarding the alleged hazing.  See Defendants' Request for Judicial Notice, Exhibit 3.

4

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

emotional injuries and distress. Thereafter, Grissom advised Plaintiff to withdraw from classes and discontinue his attendance at UC Davis. Plaintiff withdrew from his classes, his academic standing declined, and he lost his financial aid. FAC, ¶ 33.

Plaintiff re-enrolled at UC Davis in the Fall of 2009 on a part-time basis. He advised the Office of the Dean of students that he was undergoing extensive medical treatment and under psychiatric care due to injuries he sustained at the initiation events. He began to experience severe neck and back pain. In November 2009[2], Grissom told Plaintiff to drop out of classes at the end of the semester, indefinitely, until things "blew over." Plaintiff dropped out of his classes, and lost the graduate school recommendations he had previously secured. FAC, ¶ 35.

In Winter 2010, Clifford continually informed his advisors that he had been hazed and assaulted and was afraid of being on campus for fear of further retaliation. Plaintiff alleges GRISSOM advised him to take classes at a community college and not return to UC Davis, and that thereafter, despite repeated attempts to meet with Grissom, she would not communicate with him. FAC, ¶ 36.

D. Allegations Regarding Plaintiff's Graduation from UC Davis and Events in 2010 and 2011

In Winter 2010, Plaintiff filed a complaint with Francine Freitas with the Office of the Dean of Students, notifying the school of his distress in continuing to attend classes given the presence of fraternity members. He requested that he be allowed to graduate despite being 6.5 units short of what was required. The request was denied, and personnel from the Office of the Dean advised him to take classes at another school. FAC, ¶ 39. In Spring 2010, Clifford took courses online at the Rio Hondo and Woodland Community Colleges. He received his degree from UC Davis at the end of Spring Quarter 2010, one year behind his scheduled graduation date. He could not attend the graduation ceremony due to fear of reprisals by fraternity members attending the graduation ceremony. FAC, ¶¶ 40-41.

---

[2] In the original complaint, Plaintiff claimed this took place on November 2, 2009. The amended complaint reflects a more vague time period of "November 2009."

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

After graduating, Plaintiff and/or his parents continued to complain to various University officials about the alleged assault and hazing by AEPi. Between June 2010 and June 2011, Plaintiff claims to have complained to nine different University employees about the events that had occurred with AEPi in 2008. FAC, ¶¶ 42-51. None of these complaints were directed to Grissom or Cody. Id.

Plaintiff filed his original complaint on November 4, 2011. Doc. # 1. Counsel for Defendants sent a meet and confer letter to Plaintiff's counsel addressing numerous deficiencies in the original complaint, including issues pertaining to the statute of limitations. Doc. # 8-3, and Exhibit A thereto. Thereafter, Plaintiff filed a first amended complaint on January 19, 2012, which is the subject of the motion to dismiss. Doc. # 7. The First Amended Complaint asserts the following claims for relief: (1) 20 U.S.C. § 1681 (Title IX) against the University; (2) 42 U.S.C. § 1983 for violations of the Equal Protection and Due Process clauses of the Fourteenth Amendment against Grissom and Cody; (3) 42 U.S.C. § 1983 for violations of the First Amendment against Grissom and Cody; (4) California Civil Code § 52.1 against the University; (5) negligence against the University, Grissom, and Cody; and (6) intentional infliction of emotional distress against the University, Grissom, and Cody.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

6

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.,</u> 316 F.3d 1048, 1052 (9th Cir. 2003).

      B.  <u>Request for Judicial Notice</u>

Defendants filed a request for judicial notice that asks the Court to take judicial notice of the following documents: (1) Plaintiff's original complaint; (2) Plaintiff's first amended complaint; (3) Plaintiff's complaint for damages against Alpha Epsilon Pi, Chi Delta, and Daniel Sacher, filed in Yolo County Superior Court (case number CV09-1282) on May 15, 2009; and (4) the UC Davis Office of the Registrar's Class Schedule and Registration Guide for Winter Quarter 2009.  Doc. # 8-2.  Pursuant to Federal Rules of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Plaintiff filed an objection to Exhibits 3 and 4 to the Request for Judicial Notice.  Doc. # 12.  Defendants filed a reply to the objection.  Doc. # 15.  The Court grants the request for judicial notice of Plaintiff's original and amended complaint in the present action because those documents are already before the Court.

The Court also grants the request for judicial notice of Exhibit 3, Plaintiff's initial complaint for damages against Alpha Epsilon Pi, Chi Delta, and Daniel Sacher.  The Court may take judicial notice of filings in state court actions where the state court proceedings have a direct relation to the matters at issue.  <u>Bennett v. Medtronic, Inc.,</u> 286 F.3d 801, 803, fn.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations omitted)

The Court also grants the request for judicial notice of  Exhibit 4, the UC Davis Office of the Registrar's Class Schedule and Registration Guide for Winter Quarter 2009, because the Court may take judicial notice of a information from a government website when that fact "is not subject to reasonable dispute because it can accurately and readily be determined from sources whose accuracy

7

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

cannot reasonably be questioned."  Fed. R. Evid. 201; <u>Denius v. Dunlap</u>, 330 F.3d 919, 926 (7th Cir. 2003); <u>Laborers Pension Fund v. Blackmore Sewer Constr. Inc.</u>, 298 F.3d 600, 607 (7th Cir. 2002).

    C.  <u>Claims for Relief</u>

       1.  <u>First Claim for Relief – 20 U.S.C. § 1681 (Title IX)</u>

    The First Claim for Relief is brought under Title IX of the Education Amendments of 1972, against Defendant University.  Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  Plaintiff's Title IX claim is based on alleged deliberate indifference by the University in responding to his complaints of alleged sexual harassment.  FAC, ¶ 61.  In order to state this type of Title IX claim, Plaintiff must plead facts showing that the deliberate indifference, at a minimum, caused him to undergo sexual harassment or be vulnerable to it.  <u>Davis v. Monroe County Board of Education</u>, 526 U.S. 629, 644-45 (1999).

    Defendant University first argues this claim is barred by the statute of limitations. Plaintiff contends his claim is timely under the continuing violation doctrine. The statute of limitations for a Title IX claim is determined by state law governing personal injuries. <u>Stanley v. Trustees of California State University</u>, 433 F.3d 1129, 1134-36 (9th Cir. 2006). In California, the limitations period for a personal injury claim is two years.  Cal. Code Civ. Proc. § 335.1.  Although the length of the statute of limitations is governed by California law, federal law governs when the claim accrues. <u>Elliot v. City of Union City</u>, 25 F.3d 800, 801-02 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir. 1996).  Since Clifford filed his original complaint in this action on November 4, 2011, his Title IX claim must be based on alleged misconduct and resulting injury that occurred on or after November 4, 2009.

    Clifford's claim is clearly based on alleged conduct that occurred before November 4, 2009. Specifically, Plaintiff contends he was sexually assaulted by AEPi members on October 17, 2008 (FAC ¶ 11); on November 6, 2008, an AEPi member crushed his foot during a hazing-type activity (FAC ¶ 30); a fraternity member "chided and intimidated" him on November 18, 2008 (FAC ¶ 21);

8

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

and fraternity members "forcibly removed his crutches and ordered him to watch videos of sexual violence against women" on November 19, 2008 (FAC ¶ 22). Plaintiff further contends that the University became aware of the drunken Tahoe weekend on October 18, 2008 after a parent and a student reported the alleged hazing. FAC ¶ 12-13. To the extent Plaintiff attempted to base his Title IX claim on any of these events, he is precluded from doing so because they occurred outside of the limitations period.

Plaintiff contends his Title IX claim is saved by the continuing violation doctrine. In order for that doctrine to apply, Plaintiff must plead some facts indicating that he was subjected to a hostile environment on the basis of his sex during the limitations period. Stanley v. Trustees of California State University, supra, 433 F.3d at 1136. As noted above, he must plead facts showing that deliberate indifference on the part of the University caused him to undergo harassment on the basis of sex, or made him vulnerable to it. Davis v. Monroe County Board of Education, supra, 526 U.S. at 644-45.

The first amended complaint contains only one reference to alleged conduct by Plaintiff's fraternity brothers that took place after November 4, 2009. Plaintiff contends that in "Fall 2009 including December 2009" he was approached by fraternity brothers and interrogated about why he was not attending fraternity meetings. Plaintiff also alleges a fraternity member pulled out his cell phone and reported to someone that he saw Plaintiff on campus, and that members glared and continually stared at him during classes, because he broke a code of silence. FAC, ¶ 24. This allegation is insufficient to invoke the continuing violation doctrine because there is no indication the purported conduct is based on Plaintiff's sex. During the hearing on the motion, counsel for Plaintiff did not identify any facts showing the person(s) who engaged in alleged conduct based on sex in October and November of 2008 were the same person(s) who glared at, stared at, and questioned him in 2009. The reasonable inference drawn from the facts alleged in the first amended complaint is that to the extent any glaring or staring occurred, it was because Plaintiff pledged AEPi and then discontinued his association with the fraternity.

Plaintiff further argues that the continuing violation doctrine applies because the mere presence of AEPi members on campus is sufficient to create a hostile educational environment based

9

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

on sex, relying on <u>Patricia H. v. Berkeley Unified School District</u>, 830 F.Supp.1288 (C.D. Cal. 1993). In that case, the plaintiffs were 10 and 12 years old, and alleged that they had been sexually molested by a teacher.  The court held the mere presence of an alleged harasser could be enough to create a hostile environment in that particular case because of "the very severity of the molestation, and the grave disparity in age and power between [the victims and the accused]." <u>Id</u>. at 1296-97.  Here, in contrast, Plaintiff was an adult who claimed he was assaulted by peers during a fraternity event.  The fact that members of the fraternity continued to attend classes at a large university campus after the alleged assault is insufficient to support a claim for hostile environment type harassment based on sex.

Defendant University also contends there are insufficient facts asserted to hold it liable under the standard set forth in <u>Reese v. Jefferson School Dist. No. 14J</u>, 208 F.3d 736, 739 (9th Cir. 2000). In order to state a claim for harassment based on sex in an educational setting, Plaintiff must plead and ultimately prove: (1) the University exercised substantial control over the harasser and the context in which the harassment occurred; (2) the sexual harassment was so severe, pervasive, and objectively offensive that it deprived him of access to educational opportunities or benefits by the school; (3) the University had actual knowledge of the harassment; and (4) the University acted with deliberate indifference to the known harassment. <u>Id</u>.  The only facts alleged that can be said to involve conduct based on sex are those relating to the sexual assault in Lake Tahoe and being forced to watch pornographic movies during a rush event.  FAC, ¶¶ 11 and 22.  The fact that Plaintiff willingly continued to participate in AEPi events for a period of time after these alleged incidents undermines any argument that he was subjected to severe or pervasive conduct.  Further, there are no facts alleged showing the University had knowledge of sex based harassment of Plaintiff before these incidents, or that it had substantial control over the alleged harassers and the context in which the events occurred.  <u>Ostrander v. Duggan</u>, 341 F.3d 745, 750-51 (8th Cir. 2003).

Plaintiff had an opportunity to cure his complaint via amendment.  The allegations in the first amended complaint are insufficient to sustain the Title IX claim. Therefore, Defendant's Motion to Dismiss Plaintiff's First Claim for Relief is GRANTED WITH PREJUDICE.

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

2. <u>Second Claim for Relief – 42 U.S.C. § 1983 Based on Violation of the Fourteenth Amendment Equal Protection and Due Process Clauses</u>

Plaintiff's Second Claim for Relief against Defendants Grissom and Cody is brought under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourteenth Amendment.  To prevail in a § 1983 action against state actors for the deprivation of rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that:

(1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  Section 1983 is not itself a source of substantive rights, but merely provided a method for vindicating federal rights elsewhere conferred.  Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States.

<u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted). Plaintiff appears to assert two Fourteenth Amendment claims: one under the Equal Protection Clause based on gender discrimination, and a second for alleged violations of due process.

Plaintiff contends Grissom and Cody violated his rights under the Equal Protection Clause by failing to address his complaints of harassment, although they had previously intervened for female students.  FAC, ¶ 62.  The applicable statute of limitations for a § 1983 claim in California is two years.  <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); Cal. Code Civ. Proc. § 335.1. Thus, this claim must be based on events that occurred, or failed to occur, on or after November 4, 2009.

The claim against Cody is time-barred.  The last alleged event involving him took place in "Summer 2009," when he purportedly "limited his follow-up of AEPi in order to avoid the generation of information regarding the conditional registration."  FAC, ¶ 34.  The time period covered by the term "Summer 2009" is before November 4, 2009, and thus outside of the limitations period.

With respect to Grissom, this claim is also time-barred to the extent it is based on alleged conduct or failure to act that took place prior to November 4, 2009.  The Court notes that in the original complaint, Clifford alleged that his last contact with Grissom was on November 2, 2009. Doc. # 1, ¶ 31.  After counsel for Defendants sent a meet and confer letter to Plaintiff's counsel pointing out that date was beyond the limitations period, Plaintiff amended the allegation in a manner

11

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

so as to make the date reference more obtuse (his last contact with Grissom was in "November 2009"). FAC, ¶ 35. The Court interprets this as a tacit admission that Plaintiff cannot further amend his complaint to make timely allegations against Grissom.

Plaintiff alleges that in Winter 2010, Grissom advised him to take classes at a community college and not return to UC Davis, and that she refused to communicate with him despite his repeated attempts. FAC, ¶ 36. Plaintiff argues that a reasonable inference can be drawn that GRISSOM "would not have taken this lax and contemptuous approach to a female advisee reporting such offensive sexual harassment by fraternity brothers." However, the first amended complaint is bereft of any facts supporting a claim that Grissom actually treated female students differently than she responded to Plaintiff. The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008). Therefore, this claim cannot be maintained.

Plaintiff did not oppose Defendants' motion to dismiss his due process claim, either in his opposition or at the hearing on the motion.

The deficiencies with this claim cannot be cured by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Second Claim for Relief is GRANTED WITH PREJUDICE.

> 3. Third Claim for Relief – 42 U.S.C. § 1983 Based on Violation of First Amendment Protections

The Third Claim for Relief, asserted against Defendants Grissom and Cody, is brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First Amendment. To establish a First Amendment retaliation claim Plaintiff must show that: (1) he was engaged in a constitutionally protected activity; (2) Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendants' adverse actions were substantially motivated by Plaintiff's exercise of a constitutionally protected right. Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002).

Plaintiff contends Grissom and Cody retaliated against him for filing his state court lawsuit against AEPi by counseling him to withdraw from school and rejecting a grievance application.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

FAC, ¶ 63.  Defendants argue this claim is barred by the two-year statute of limitations, and that Plaintiff has failed to plead sufficient facts to support his claim.

As discussed above, the last alleged wrongful act by Cody took place in Summer 2009.  Thus, the claim against him is time-barred.  Similarly, to the extent the claim against Grissom is based on any conduct that occurred prior to November 4, 2009, it too is untimely.  Plaintiff has not pled any facts indicating Grissom knew about his lawsuit against AEPi at the time she allegedly made a recommendation in the Winter of 2010 to take courses at a community college and not return to UC Davis, or refused to meet with him.  FAC, ¶ 36.  This is fatal to his retaliation claim. Moreover, "counseling" or "advising" Plaintiff to withdraw from school is not the equivalent of forcing him to leave school.  Plaintiff alleges he graduated from UC Davis, albeit not on the timetable he may have originally envisioned.

Plaintiff cannot cure the deficiencies of this claim by further amendment.  Therefore, Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief is GRANTED WITH PREJUDICE.

### 4.   Fourth Claim for Relief – Cal. Civil Code § 52.1

The Fourth Claim for Relief, which is asserted only against the University, is brought under California Civil Code § 52.1.  In order to state a claim under this statute, Plaintiff must plead facts showing violence or intimidation by threat of violence by the accused defendant.  Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998); see also Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276 (2001).  Speech alone is insufficient to support this type of claim; in order to be actionable, the speech itself must threaten violence and places the victim in reasonable fear of violence.  Cal. Civ. Code § 52.1(j).

Plaintiff has not alleged any acts of violence or threats of violence by any University employees.  His contention that he was "systematically harassed" is not the equivalent of a violent act or threat of the same.  Plaintiff cannot cure the deficiencies of this claim by further amendment. Therefore, Defendant's Motion to Dismiss Plaintiff's Fourth Claim for Relief is GRANTED WITH PREJUDICE.

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

1

      5.   Fifth Claim for Relief – Negligence

2

       The Fifth Claim for Relief, asserted against all Defendants, is based on common law

3

negligence. Plaintiff alleges Defendants owed him a duty of fiduciary care; that they "negligently and

4

carelessly retained and failed to properly supervise, train, and control AEPi;" and that as a result of

5

"the negligent retention and supervision of defendant entities and each of them," he suffered injuries

6

including "permanent physical injury, beatings, threats" and severe mental anguish. FAC ¶¶ 66-70.

7

Defendants moved to dismiss this claim based on the statute of limitations and various state law

8

immunities.

9

       As discussed above, the statute of limitations for personal injury in California is two years.

10

Cal. Code Civ. Proc. § 335.1.  It is clear from reading the First Amended Complaint that Plaintiff is

11

attempting to hold Defendants liable for injuries sustained in October and November 2008, namely,

12

the alleged sexual assault and foot stomping. Plaintiff's claim is barred because he did not file his

13

complaint until November 4, 2011, more than two years after the events giving rise to the alleged

14

injuries.

15

       California Government Code § 815(a) provides that, except as otherwise provided by statute,

16

"a public entity is not liable for an injury, whether such injury arises out of an act or omission of the

17

public entity or a public employee or any other person."  Thus, "in the absence of some constitutional

18

requirement, public entities may be liable *only* if a statute declares them to be liable.  <u>Becerra v.</u>

19

<u>County of Santa Cruz</u>, 68 Cal.App.4th 1450, 1457 (1998).  Plaintiff contends that <u>Peterson v. San</u>

20

<u>Francisco Community College</u>, 6 Cal.3d 799 (1984) provides the requisite statutory basis for a

21

negligence claim against the UNIVERSITY.  <u>Peterson</u> is inapposite because it addressed the issue of

22

whether a public university may be liable under California Government Code § 835 for maintaining a

23

dangerous condition of public property which, together with the criminal act of a third party, causes

24

injury to a student.  There is no allegation in this case that the University maintained property in a

25

dangerous manner, causing injury to Plaintiff.  California Government Code § 815(a) bars this claim

26

against the University.

27

       Defendants Grissom and Cody are immune from liability pursuant to California Government

28

Code § 820.2, which provides "[e]xcept as otherwise provided by statute, a public employee is not

14

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." The Court finds this immunity bars this claim against Grissom and Cody. <u>Nicole M. v. Martinez Unified Sch. Dist.</u>, 964 F.Supp. 1369, 1389-90 (C.D. Cal. 1997) (superseded by statute as stated in <u>Sandoval v. Merced Union High Sch.</u>, 2006 U.S. Dist. LEXIS 28446, pp. 4-6); <u>Davison v. Santa Barbara High Sch. Dist.</u>, 48 F.Supp.2d 1225, 1227 (C.D. Cal. 1998).

Plaintiff cannot cure any of these deficiencies by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Fifth Claim for Relief is GRANTED WITH PREJUDICE.

### 6.   Sixth Claim for Relief – Intentional Infliction of Emotional Distress

The Sixth Claim for Relief is a state law claim for intentional infliction of emotional distress, asserted against all Defendants. Plaintiff contends Defendants concealed, ignored, and dismissed his complaints, treated him with deliberate indifference despite having a fiduciary duty to do otherwise, retaliated against him by counseling him to drop out of school, discriminated against him on the basis of his sex, and concealed evidence and thwarted his efforts to obtain redress through the courts. FAC, ¶ 71.

For the same reasons discussed with respect to Plaintiff's negligence claim, the Court finds this claim is untimely because it was brought more than two years after the conduct at issue. Moreover, the University is immune from liability for this common law claim pursuant to California Government Code § 815(a) and Grissom and Cody are provided with immunity under California Government Code § 820.2.

Plaintiff cannot cure any of these deficiencies by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Sixth Claim for Relief is GRANTED WITH PREJUDICE.

### 7.   Punitive Damages Claim Against Defendant University

Defendant University has moved to dismiss the request for punitive damages against it. In light of the Court's ruling on each claim, this request is moot. Nonetheless, the Court also dismisses the request for punitive damages because the University is immune from such damages. Cal. Gov. Code § 818; <u>Barnes v. Gorman</u>, 536 U.S. 181, 189-90 (2002).

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

8.  <u>Dismissal With Prejudice</u>

The Court has discretion to dismiss Plaintiff's complaint with prejudice and without leave to amend when it is clear the complaint cannot be saved by amendment.  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, supra, 316 F.3d at 1052.   That is the case here.  As a result of the meet and confer effort engaged in by Defendants' counsel, Plaintiff had the opportunity to amend his complaint to attempt to address the significant legal deficiencies identified.  At best, the amendment highlighted the timeliness problems with Plaintiff's claims because he changed references to specific dates (e.g. November 2, 2009) to a more nebulous reference to either "November, 2009" or "until things blew over."   The remaining deficiencies are issues of law, which also cannot be cured by further amendment.

III. <u>ORDER</u>

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:  4/27/2012

/s/ John A. Mendez
The Hon. John A. Mendez
U.S. District Court Judge
Eastern District of California

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

{01008024.DOC}

PDF created with pdfFactory trial version www.pdffactory.com