UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN CLIFFORD,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,<br><br>        Defendants - Appellees. | No. 12-16255<br><br>D.C. No. 2:11-cv-02935-JAM-GGH<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered August 01, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $240.50.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

FILED

AUG 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN CLIFFORD,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,<br><br>　　　　Defendants - Appellees. | No. 12-16255<br><br>D.C. No. 2:11-cv-02935-JAM-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Ryan Clifford appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations arising from his participation in his college fraternity's pledge activities. We have jurisdiction

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (statute of limitations); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal for failure to state a claim).  We affirm.

The district court properly dismissed Clifford's Title IX claim against defendants and his § 1983 equal protection and First Amendment retaliation claims against defendant Cody because the statute of limitations had run before Clifford filed his complaint.  *See* Cal. Civ. Proc. Code § 335.1 (setting forth applicable statute of limitations for personal injury claims); *Colony Cove Props., LLC v. City Of Carson*, 640 F.3d 948, 956 (9th Cir. 2011) (for § 1983 claims, the court applies the forum state's statute of limitations for personal injury claims); *Stanley*, 433 F.3d at 1136-37 (same for Title IX claims).

The district court properly dismissed Clifford's § 1983 claims against defendant Grissom because Clifford failed to allege facts sufficient to show that Grissom treated Clifford differently because of sex or that Grissom took action against Clifford because of his protected activity.  *See Pinard v. Clatskanie Sch. Dist.*, 467 F.3d 755, 770 (9th Cir. 2006) (elements of a First Amendment retaliation claim); *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) (elements of an equal protection claim).

The district court properly dismissed Clifford's Cal. Civ. Code § 52.1 claim against the University because Clifford failed to allege threats, intimidation, or coercion by any University representative. *See Venegas v. County of Los Angeles*, 87 P.3d 1, 14 (Cal. 2004) ("Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right.").

The district court properly dismissed Clifford's negligence and intentional infliction of emotional distress claims because defendants are generally immune from tort suits arising from acts or omissions of the entity or its employees. *See* Cal. Gov. Code § 815(a)  (conferring immunity upon public entities); *id.* § 820.2 (conferring immunity upon public employees).

The district court did not abuse its discretion by dismissing Clifford's claims without leave to amend because Clifford cannot correct the defects in his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

We lack jurisdiction to consider the district court's orders denying Clifford's post-judgment motions for relief from judgment because Clifford failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585

(9th Cir. 2007).

We reject Clifford's contention that the district court judge was biased against him.

Clifford's request for judicial notice, filed on February 7, 2013, is denied.

**AFFIRMED.**